UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR E. VARGAS, | ) Case No. CV 22-0385-JPR |
| | ) |
| Petitioner, | ) |
| | ) MEMORANDUM DECISION AND ORDER |
| v. | ) DISMISSING PETITION AND ACTION |
| | ) WITHOUT PREJUDICE |
| ROBERT LUNA,[1] | ) |
| | ) |
| Respondent. | ) |
| | ) |

**PROCEEDINGS**

On January 14, 2022, Petitioner filed pro se a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2241, challenging an ongoing criminal prosecution against him. On March 22, 2022, Respondent moved to dismiss the Petition under Younger v. Harris, 401 U.S. 37 (1971), and because its claims had not been exhausted in state court. Petitioner opposed on April 15 and May 31, 2022.

Meanwhile, on May 10, 2022, the Court appointed advisory

---

[1] Robert Luna is the Sheriff of Los Angeles County and is substituted in under Federal Rule of Civil Procedure 25(d) as the proper Respondent.

counsel to Petitioner and stayed the proceedings until the state court had resolved the issue of his competency, which Respondent had raised in a May 6 status report. Petitioner was declared competent on July 11, 2022, by the state court. (Resp't's July 20 Status Rep., ECF No. 35 at 4.)[2] This Court lifted the stay and relieved advisory counsel on August 2, 2022. On August 10, 2022, Petitioner filed a request that Respondent be made to produce evidence proving the charges against him; he also repeated some of the arguments from his earlier oppositions and requested an evidentiary hearing.

On August 23, 2022, Respondent replied to Petitioner's oppositions. Petitioner filed an unauthorized disguised surreply on September 8, 2022, and it was stricken on September 15.[3] On November 16, 2022, Petitioner requested an update on the status of his case, indicating that he had recently allegedly been coerced into pleading no contest to avoid being subjected to more mental-health treatment, had since moved to withdraw his plea, and was arrested on new charges six days after his release. (Pet'r's Req. Status Update, ECF No. 48 at 3-4.)[4]

---

[2] Throughout, the Court uses the pagination generated by its Case Management/Electronic Case Filing system.

[3] This document largely simply repeated arguments from his earlier oppositions. As Respondent points out (Consolidated Reply to Opp'n, Mem. P. & A., ECF No. 42 at 10 n.2), Petitioner filed his first two oppositions during the period when the state court had adjudged him to be incompetent. Because he repeated those arguments in filings after he was restored to competency, the Court nonetheless considers them.

[4] Any claims relating to new charges and any subsequent conviction must be raised in a separate federal habeas petition filed only once any such conviction becomes final.

For the reasons discussed below, Respondent's Motion to Dismiss is granted and the Petition and this action are dismissed without prejudice.

**BACKGROUND**

On December 30, 2020, Petitioner was charged in Los Angeles County Superior Court with criminal threats, assault with a deadly weapon, two counts of resisting arrest — all felonies — and misdemeanor elder abuse. (Mot. Dismiss, Mem. P. & A., ECF No. 17 at 8-9; Lodged Docs., Ex. 1, ECF No. 17-1 at 5.) He was appointed counsel, was arraigned, and pleaded not guilty to all charges. (Lodged Docs., Ex. 1, ECF No. 17-1 at 5-6.) At his preliminary hearing, on February 11, 2021, he was allowed to represent himself, and the hearing was continued. (Id. at 7-8.)

At the hearing on April 20, 2021, the "court found insufficient cause" for one count of resisting an officer and granted the prosecution's motion to dismiss that count and add one for misdemeanor resisting, delaying, or obstructing that officer. (Id. at 9; see id. at 10; see also Suppl. Opp'n, Ex. A, ECF No. 31 at 16.) On May 4, 2021, an information was filed, Petitioner was arraigned, he waived counsel under Faretta v. California, 422 U.S. 806 (1975), and the court granted his motion to continue representing himself. (Lodged Docs., Ex. 1, ECF No. 17-1 at 11.)

On June 28, 2021, Petitioner moved the state court to dismiss the charges under Penal Code section 995.[5] (Lodged

---

[5] This section describes conditions when a court must set aside an indictment or information on which a defendant was arraigned.

3

Docs., Ex. 2, ECF No. 17-1 at 32.)  The court instead "declare[d] a doubt as to [Petitioner's] mental competency," "criminal proceedings [we]re adjourned," and he was transferred to the mental-health division for examination.  (Lodged Docs., Ex. 6, ECF No. 17-1 at 76.)  On July 19, 2021, after Petitioner had been appointed counsel, he filed pro se a habeas petition in the court of appeal.  (Lodged Docs., Ex. 3, ECF No. 17-1 at 37-40.)  That court denied the petition on July 29, 2021 (Lodged Docs., Ex. 3, ECF No. 17-1 at 42), and that same day he filed another petition in the same court (Lodged Docs., Ex. 4, ECF No. 17-1 at 44-51). On August 5, 2021, that court "dismissed without prejudice to petitioner's filing a petition through his appointed counsel," (id. at 53), and Petitioner appealed (Lodged Docs., Ex. 6, ECF No. 17-1 at 60-61).

On August 30, 2021, the trial court noted an August 24 minute order from the mental-health court, "which indicate[d] [Petitioner] was found mentally incompetent to stand trial." (Lodged Docs., Ex. 1, ECF No. 17-1 at 26.)  He filed a habeas petition in the supreme court on September 29, 2021.  (See Lodged Docs., Ex. 7, ECF No. 17-1 at 91-100.)  That court denied it on November 17, 2021, noting that habeas petitions "must include copies of reasonably available document[s]" and "allege sufficient facts with particularity."  (Id. at 101.)

On January 27, 2022, the court of appeal appointed counsel for Petitioner.  (Lodged Docs., Ex. 6, ECF No. 17-1 at 59; see Consolidated Reply to Opp'n, Mem. P. & A., ECF No. 42 at 18-19 n.5 (counsel appointed for limited purpose of contesting judgment of mental incompetency and related order of commitment).)

Appointed counsel filed a brief under People v. Wende, 25 Cal. 3d 436 (1979), on February 7, 2022.[6] (Lodged Docs., Ex. 6, ECF No. 17-1 at 80-89.) The court affirmed on March 30, 2022. See Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/ (search for case No. B314912 in second appellate district) (last visited Jan. 19, 2023); (Consolidated Reply to Opp'n, Mem. P. & A., ECF No. 42 at 18-19 n.5).

On May 2, 2022, Petitioner filed a petition for review in the state supreme court, and it was denied on June 15. See Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/ (search for case No. S274325 in supreme court) (last visited Jan. 19, 2023); (Consolidated Reply to Opp'n, Mem. P. & A., ECF No. 42 at 18-19 n.5). Petitioner "returned to [the] courtroom" on July 12, 2022, because he had been "found mentally competent" by the mental-health court the day before. (Resp't's July 20 Status Rep., ECF No. 35 at 4.) Criminal proceedings resumed. (Id.)

On September 24, 2022, Petitioner apparently "pled out due to prosecutorial duress" but then "filed a motion to take back [his] plea." (Pet'r's Req. Status Update, ECF No. 48 at 3-4.)

**DISCUSSION**

As a general proposition, a federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances involving great and immediate danger of irreparable harm. See Younger, 401 U.S. at 45-46; see also Fort Belknap

---

[6] Under People v. Wende, 25 Cal. 3d 436, 441-42 (1979), counsel may file a brief summarizing the history of the case, raising no specific issue on appeal, and asking the court of appeal to conduct an independent review of the record for error.

5

Indian Cmty. v. Mazurek, 43 F.3d 428, 431 (9th Cir. 1994). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam).

Younger abstention is appropriate if three criteria are met: the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide an adequate opportunity to litigate the petitioner's federal constitutional claims. See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). The Ninth Circuit has articulated a fourth criterion: that the requested relief would "enjoin" the state proceeding "or ha[ve] 'the practical effect'" of doing so. Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (citation omitted).

Even when the Younger abstention criteria are satisfied, a federal court may intervene when a petitioner shows "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Middlesex, 457 U.S. at 435. "[E]xtraordinary circumstances" are limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or "where irreparable injury can be shown." Brown v. Ahern, 676 F.3d 899, 903 (9th Cir. 2012) (citation omitted). The circumstances must create a "pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." Kugler v. Helfant, 421 U.S. 117, 125 (1975).

Here, all criteria for abstention are satisfied. First, the Petition was filed during "pre-trial criminal proceedings." (Pet. at 2.) See Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988) (as amended Mar. 30, 1989) (ongoing status of state proceedings for Younger analysis is determined "at the time the federal action was filed"). Moreover, Petitioner's case remains pending in the trial court, and the next hearing is scheduled for January 19, 2023. See Online Servs., Super. Ct. of Cal., Cnty. of L.A., http://www.lacourt.org/criminalcasesummary/ui (search for case number LA094005) (last visited Jan. 19, 2023). "Where, as here, 'no final judgment has been entered' in state court, the state court proceeding is 'plainly ongoing' for purposes of Younger." Page v. King, 932 F.3d 898, 902 (9th Cir. 2019) (quoting San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose, 546 F.3d 1087, 1093 (9th Cir. 2008)); see also Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (petitioner must wait until his convictions and sentence are final before filing federal habeas petition).

Second, the state has a well-established strong interest in the prosecution of criminal charges and the defense of its convictions and sentences. See, e.g., Younger, 401 U.S. at 51-52 (finding that state must be permitted to "enforc[e] . . . laws against socially harmful conduct that the State believes in good faith to be punishable under its laws and the Constitution").

Third, nothing indicates that Petitioner would not have an adequate opportunity to raise his claims in the state proceedings. Indeed, he already filed a petition for review and a habeas petition in the supreme court, raising some of the same

claims he raises here. (Compare Pet. at 3-4, with Lodged Docs., Ex. 7, ECF No. 17-1 at 94-95; see also Consolidated Reply to Opp'n, Mem. P. & A., ECF No. 42 at 18-19 n.5); see Middlesex, 457 U.S. at 432 ("federal court should abstain 'unless state law clearly bars the interposition of the constitutional claims'" (quoting Moore v. Sims, 442 U.S. 415, 426 (1979))); Gilbertson v. Albright, 381 F.3d 965, 978 (9th Cir. 2004) (en banc) (inquiry is whether petitioner is "barred from litigating federal constitutional issues in [state] proceeding").

Fourth, Petitioner seeks federal-court relief that would "enjoin" the ongoing state proceedings. Indeed, he has alleged "illegal criminal prosecution" against him (Pet. at 2) and asks the Court to "[r]elease the petitioner from this illegal incarceration" (Suppl. Opp'n, ECF No. 31 at 5). See Arevalo, 882 F.3d at 766 (Younger abstention is appropriate when the petition raises issues that are not "distinct from the underlying criminal prosecution" and would "interfere with it").

Moreover, no exception to Younger applies. Petitioner has not sufficiently alleged bad faith or harassment by state officials, and nothing in the Petition explains why he is in immediate need of federal equitable relief or points to any circumstance that could be construed as "extraordinary." See Brown, 676 F.3d at 902-03 (affirming district court's dismissal of habeas petition under Younger for failure to identify extraordinary circumstance warranting federal intervention).

Petitioner alleges "false 911 calls,"[7] "excessive use of force," "false arrest," "illegal incarceration," and "malicious prosecution behind false charges," all during a "deadly pandemic and state of emergency." (Pet. at 3; see also id. at 11 (alleging "illegal search and seizure," "crual [sic] and unusual punishment," and "violation of due process"); Opp'n, ECF No. 23 at 4-5; Suppl. Opp'n, ECF No. 31 at 3-4.) He also alleges that the trial judge was biased against him and "tactically sided with the people." (Pet at 4.) But he offers no facts to support his conclusory claims. See Brown, 676 F.3d at 901 (requiring "proven" instances of bad faith (citing Carden v. Montana, 626 F.2d 82, 84 (9th Cir. 1980))). Indeed, that the trial court dismissed a felony charge for "insufficient cause" (Lodged Docs., Ex. 1, ECF No. 17-1 at 9) and the police included the victim's recantation in their report (Pet. at 8 (excerpt of police report)) undermine claims of harassment and bad faith. See Carden, 626 F.2d at 84 (charging petitioners with 13 unnecessary counts that were subsequently dropped did not constitute harassment). Further, "[i]n the Younger abstention context, bad faith 'generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction.'" Baffert v. Cal. Horse Racing Bd., 332 F.3d 613,

---

[7] Petitioner repeatedly claims that the charges against him are "false" because his mother subsequently recanted her statement that he had held a knife against her throat. (See, e.g., Suppl. Opp'n, Ex. B, ECF No. 31 at 28; Pet. at 3, 8.) But of course victims routinely recant earlier statements to the police for all sorts of reasons — fear, hardship when the defendant supports them and can't do so if incarcerated, and a desire to avoid further hassle among them — unrelated to the truth of the allegations.

9

621 (9th Cir. 2003) (quoting Kugler, 421 U.S. at 126 n.6). Here, petitioner apparently has been convicted after pleading no contest.

Nor does a claimed speedy-trial violation "suffice[ ] in and of itself as an independent 'extraordinary circumstance' necessitating pre-trial habeas consideration." Brown, 676 F.3d at 901; see Page, 932 F.3d at 903 ("[E]ven if [petitioner] could establish that the delay in bringing him to trial would support a speedy trial defense . . . it does not follow that the delay is an extraordinary circumstance in the meaning of Younger."). A petitioner seeking "only to demand enforcement of the [government's] affirmative constitutional obligation to bring him promptly to trial" and who has exhausted state remedies toward that end may go forward with a federal habeas petition, however. Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 490 (1973).

Here, Petitioner claims violation of his right to a speedy trial. (See Pet. at 3-4, 11.) But he has apparently pleaded no contest, so relief under Braden is inappropriate. And to the extent he seeks dismissal of this action on speedy-trial grounds, "Younger principles preclude the adjudication of constitutional speedy trial claims . . . when a petitioner raises 'a Speedy Trial claim as an affirmative defense to state prosecution.'" Coleman v. Ahlin, 542 F. App'x 549, 551 (9th Cir. 2013) (quoting Brown, 676 F.3d at 900); Wright v. Volland, 331 F. App'x 496, 498 (9th Cir. 2009) (noting that "no case 'permit[s] the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court'" (quoting Braden, 410 U.S. at 493)).

Lastly, Petitioner alleges "[i]llegal appointment of counsel for Mental Health court competency hearing" in violation of his Faretta rights.[8] (Pet. at 4; see Opp'n, ECF No. 23 at 2-3.) To start, a Faretta claim is not an extraordinary circumstance involving irreparable injury or otherwise warranting intervention before a conviction has become final because "California courts routinely consider federal constitutional claims arising from an alleged Faretta violation as part of the criminal appellate process." Jackson v. Villanueva, No. CV 18-6721 TJH(JC), 2019 WL 2870875, at *4 (C.D. Cal. May 22, 2019) (citing People v. Buenrosto, 6 Cal. 5th 367, 425-28 (2018)), accepted by 2019 WL 2868955 (C.D. Cal. July 3, 2019). Indeed, Petitioner challenged in the state appellate courts the judgment of his mental incompetence and order for commitment.[9] (See Consolidated Reply to Opp'n, Mem. P. & A., ECF No. 42 at 18-19 n.5; see also Lodged Docs., Ex. 6, ECF No. 17-1 at 83-86). But he has since been found competent, so his request to be relieved of appointed

---

[8] Petitioner is wrong that there is "[n]o standing U.S. Supreme Court precedent or Landmark case wich [sic] precludes one from exercising one's Feretta [sic] rights." (Pet. at 4.) In Indiana v. Edwards, 554 U.S. 164, 171 (2008), the Supreme Court stated that "Faretta itself and later cases have made clear that the right of self-representation is not absolute." And it held that the right may be abridged when the defendant has sufficiently severe mental-health issues. See id. at 177-78.

[9] Although the Ninth Circuit held in Bean v. Matteucci, 986 F.3d 1128, 1135-36 (9th Cir. 2021), that the irreparable-harm exception to Younger abstention may apply in cases of involuntary administration of antipsychotic medication, Petitioner has not raised that issue. (See Pet. at 3-4.) Indeed, in none of his many filings has he even mentioned the state court's August 24, 2021 order that he be involuntarily medicated with psychotropic drugs. (See Lodged Docs., Ex. 6, ECF No. 17-1 at 83.)

counsel for his competency hearing is moot.[10]  (Resp't's July 20 Status Rep., ECF No. 35 at 4); see McCullough v. Graber, 726 F.3d 1057, 1059-60 (9th Cir. 2013) (as amended) (petition is moot when relief sought is no longer available).

In sum, the Younger abstention criteria are met and Petitioner has not demonstrated any extraordinary circumstance making abstention inappropriate.  See Middlesex, 457 U.S. at 432, 437.  The Petition and the action must be dismissed.  See Beltran, 871 F.2d at 782 ("Younger abstention requires dismissal of the federal action." (emphasis in original)).[11]

**ORDER**

IT THEREFORE IS ORDERED that Respondent's Motion to Dismiss is granted and the Petition and this action are dismissed without prejudice to Petitioner's timely filing a federal habeas petition once his state-court proceedings become final.

DATED: January 19, 2023

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

---

[10] Similarly, to the extent the stay of his state-court proceedings during his competency evaluation can be analogized to the complete absence of proceedings in Braden, see 410 U.S. at 490, any such speedy-trial concern is also now moot because his prosecution has resumed.

[11] Because this case must be dismissed under Younger, the Court need not reach Respondent's exhaustion argument.  In any event, as Sherwood makes clear, a petitioner must wait until his convictions and sentence are final before bringing a federal habeas petition, "even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts."  716 F.2d at 634.

12